THE PEOPLE ex rel. SAMUEL FAILE, Appellants, *v.* ELISHA P. FERRIS et al., Respondents.

It is not the proper office of a writ of mandamus to restrain a party, claiming to be a public officer, from exercising his office, or to enjoin one, claiming to have been elected or appointed to an office, from qualifying.

The granting of the writ is, in general, discretionary; and where it is so, the exercise of the discretion by the Supreme Court is not reviewable here.

(Argued February 4, 1879 ; decided March 18, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term, which directed the issuing of a peremptory writ of mandamus, enjoining and restraining the defendant, Ferris, from presiding at any of the meetings of the board of trustees of the village of White Plains, and from voting on the election of any of such officers as by statute are made elective by said trustees; and enjoining and restraining the defendant, Lyon, from taking the oath of office as president of said village, and from attempting to exercise any of the powers or duties devolving upon the president of said village. The order appealed from also quashed the writ issued under the Special Term order. (Reported below, 16 Hun, 219.)

The defendant Ferris was president of the village of White Plains, on and prior to April 26, 1878. On that

day the Legislature passed an act amending the charter of such village (chap. 179, §§ 1 and 5, Laws of 1878), which, among other things, provided for the election of trustees on the second Tuesday of May, 1878, and an election by them on the third Tuesday of May, 1878, of a president, who shall not be a member of the board ; also, that the terms of the trustees shall cease and determine on the third Tuesday of May, 1878.   Section 2 provides that the officers of the village shall be a president, clerk, treasurer, police justice, collector of taxes and assessments, two trustees of each ward, and such other officers as the board of trustees shall appoint, and then follows : " The present incumbents shall hold their offices until their successors shall be duly elected or appointed and qualified as provided by this act."  It also provided that the president shall " preside, when present, at all meetings of said board " of trustees.

Under the charter of the village, as it existed at the time of the passage of this act, the president was required to be one of the trustees and elected by them.

An election of trustees was had, as provided by the act in question, on the second Tuesday of May, 1878, and they met on the third Tuesday of May.  Mr. Ferris was not elected a trustee, but was present and assumed to act as president.  On a tie vote of the trustees for a president, he voted for the defendant Lyon, as president, who was, by the casting vote of Mr. Ferris, declared elected as president.

*Wm. H. Robertson*, for appellant.  The relator being entitled to a mandamus, such relief will not be withheld because the petition is not expressed in felicitous language.  (*Bryan* v. *Cattell*, 15 Iowa, 547 ; *Lockwood* v. *Scrugham*, 20 Barb., 302.)

*C. Frost*, for respondents.  The relief sought could not be obtained by mandamus.  (*People* v. *Contracting B'd*, 27 N. Y., 381 ; *People* v. *Mead*, 24 id., 122 ; *People* v. *Supervisors Chenango*, 1 Kern., 563 ; *Matter of Gardner*, 68

N. Y., 471–472 ; *Doolittle* v. *Supervisors Broome*, 18 id., 155; *People* v. *Attorney-General*, 22 Barb., 114; *People* v. *Attorney-General*, 8 Hun, 334; *People* v. *Gerow*, 66 N. Y., 606; Code of Procedure § 432 ; High on Extraordinary Remedies, 32; *Commonwealth* v. *County Comm.*, 5 Rawle, 75 ; *School Directors* v. *Anderson*, 55 Pa. Sh. R., 388; *People* v. *Lane*, 55 N. Y., 217 ; *People* v. *Stevens*, 5 Hill, 616.) The writ of mandamus is discretionary with the court to which the application is made. (*Rex* v. *Mayor*, 5 D. & R., 481 ; *Rex* v. *Griffeth*, 5 B. & A., 731; *Rex* v. *Clear*, 4 B. & C., 899 ; *Ex parte Fleming*, 4 Hill, 582 ; *Van Rensselaer* v. *Sheriff of Albany*, 1 Cow., 501–512 ; *People* v. *Booth*, 49 Barb., 31 ; id., 259 ; *People* v. *Supervisors of Westchester*, 15 id., 607; *People* v. *Canal B'd*, 13 id., 432 ; *People* v. *Darling*, 55 id., 197; *People* v. *Contracting B'd*, 27 N. Y., 382.) The order of General Term denying a mandamus was not appealable. (Code Civil Procedure, § 190; *De Barraute* v. *Deyermand*, 41 N. Y., 357 ; *Foote* v. *Lathrop*, id., 361; *Platt* v. *Platt*, 66 id., 360, 362 ; *In re Sage*, 70 id., 220 ; *People* v. *Wendell*, 71 id., 171.)

ANDREWS, J. Upon the facts presented to the Special Term there was no legal right in the relator to the remedy by mandamus. The awarding of a mandamus is, in general, discretionary. There may be cases where a party is legally entitled to have the writ issued, and where a denial of the right would be reviewable in this court. But this is not a case of that character. It is not the proper office of a writ of mandamus to restrain a party claiming to be a public officer from exercising his office, or to enjoin one claiming to have been elected or appointed to an office from qualifying. "Mandamus is always to do some act in execution of law, and not to be in the nature of a writ *de non molestando*." Vin. Abr., tit. Man. A.; 2 Salk., 572. The statute gives a remedy by action in the nature of a *quo warranto* for an unlawful intrusion into a public office, and the right of the defendant Ferris to act as president of the village may be

tested in a suit brought for that purpose. The defendant Lyon has not qualified. When he does so, and undertakes to act as president, his right may also he determined by action, and this, we think, is the only way in which the validity of his election can be tried. The General Term properly quashed the writ, on the ground that the remedy by mandamus is inapplicable to the case.

But assuming that the granting of the writ, upon the facts presented, was discretionary, the discretion exercised by the Special Term was reviewable by the General Term, and that court having quashed the writ, we cannot interfere with its action : (*Ex parte Fleming*, 4 Hill, 581 ; 27 N. Y., 378 ; *People* v. *Geron*, 66 id., 606 ; *Platt* v. *Platt*, id., 360 ; *Matter of Gardner*, 68 id., 467.)

The order appealed from should be affirmed.

All concur.

Order affirmed