THE PEOPLE OF THE STATE OF NEW YORK ex rel.
EDWARD CAVANAGH, Appellant, v. DAVID McADAM,
a Justice of the Marine Court of the City of New York,
Respondent.

*Mandamus to compel a judicial officer to act — when the court, on proof that the
particular officer's time was taken up with other matters, will refuse it, in the exer-
cise of its discretion — Code of Civil Procedure, secs. 2234, 2238.*

The relator applied for a writ of *mandamus*, commanding a justice of the
Marine Court to entertain an application for summary proceedings to remove
a tenant from demised premises for the non-payment of four dollars and fifty
cents as rent. From the return of the justice it appeared that the applica-
tion was denied because his time was required for and devoted to other
business, having precedent demands upon him as a member of the court.
*Held*, that the court properly refused to order the writ to issue.

Appeal from an order made at a Special Term, denying an
application for a writ of *mandamus*.

*Roscoe H. Channing*, for the appellant.

*Henry Wehle*, for the respondent.

Daniels, J.:

The writ was applied for because the justice declined to entertain
an application for summary proceedings to remove a tenant from
demised premises for the non-payment of four dollars and fifty
cents rent. The time of the justice appears, by his return, to have
been required and devoted to other business having precedent
demands upon him as a member of the court. And because of
that circumstance he was reasonably excusable for not entertaining
the application, although the Code has declared that the judge or
justice to whom such a petition is presented must thereupon issue
a precept (Code Civ. Pro., § 2238), for it did not declare that he
must also withdraw his time and attention from the other neces-
sary business of the court for that purpose, and while the language
of the section is mandatory in its terms it still could not have been
intended to deprive him of the original discretion vested in judicial
officers. (*Spears* v. *Mayor, etc.*, 72 N. Y., 442.)

If he had been the only officer to whom such an application could

regularly be made a very different consideration would arise in the case, but by section 2234 of the Code of Civil Procedure a variety of other officers were vested with the same power to whom the relator had the right to apply. And his application for this writ, instead of bringing his case before one of these other officers, indicates the existence of the disposition rather to annoy the justice proceeded against than to invoke the powers of the court for the purpose of redressing and vindicating a legal right. There is nothing in *De Hart* v. *Hatch* (3 Hun, 375), countenancing such a proceeding, and as the allowance of the writ was subject to the discretion of the court (*People ex rel. Faile* v. *Ferris*, 76 N. Y., 326), that was, under the circumstances presented, very wisely exercised in refusing to order the writ to be issued.

The order should be affirmed, with costs.