IN THE MATTER OF THE APPLICATION OF JOHN H. ABRAMS, JR., FOR A LICENSE, APPELLANT; *v.* BOARD OF TOWN AUDITORS OF THE TOWN OF HEMPSTEAD, RESPONDENT.

*Oyster grounds in Hempstead and Jamaica bays — the right to plant is regulated by chapter 639 of 1871.*

The rights of oystering in the waters of Hempstead and Jamaica bays are regulated by chapter 639 of 1871, which confers upon the board of audit of the respective towns the right and duty of licensing the grounds to inhabitants of the towns, but allows but three acres to each inhabitant.

APPEAL from an order of the Kings County Special Term and entered in Queens county, denying a motion for a writ of peremptory *mandamus*.

On November 13, 1886, one Abrams applied to the defendant as the board of town auditors of the town of Hempstead, to revoke a license of some oyster grounds, granted by the board to one Jennie Johnson, and for a license to himself of the same grounds, claiming priority of right. The board met pursuant to Abram's request and accorded a hearing to all parties on the 12th of February, 1887, and after taking proof of the facts and upon due deliberation the board refused to revoke the license to Jennie Johnson and denied the

application. Abrams then applied to the Supreme Court at Special Term, for a *mandamus* to compel the board to revoke the license to Jennie Johnson, and to issue a license to him, which was denied.

*Horace Secor*, for the appellant.

*A. N. Weller*, for the respondent.

PRATT, J. :

We think that the application for a *mandamus* was properly denied. The general rule is that " where a subordinate body is vested with power to determine a question of fact the duty is judicial and though it can be compelled by *mandamus* to determine the fact it cannot be directed to decide in a particular way, however clearly it be made to appear, what the decision ought to be." (*Francis* v. *The Common Council*, 78 N. Y., 33.)

Here the board has not *refused* to exercise its functions ; on the contrary, it has acted upon the matter at appellant's request. The decision did not suit appellant and he is now seeking to compel the board by a *mandamus* to decide in a different way. It is virtually an attempt to review the determination of a subordinate tribunal by the writ of *mandamus*. A *mandamus* cannot properly be made to do either a prohibitory or reviewing duty ; its purpose is purely mandatory. (*People ex rel. Faile* v. *Ferris*, 16 Hun, 219 ; S. C., 76 N. Y., 326.) But aside from any technical question the decision of the board was right upon the merits. The Session Laws of 1871, chapter 639, regulates the licensing of the oyster grounds in Hempstead and Jamaica bays. It confers upon the board of audit of the respective towns the right and duty of licensing the grounds to inhabitants of the town, but allows but three acres to each inhabitant. It must appear to the satisfaction of the board when an application is made that the ground contains no planted bed of oysters, or contains no bed planted by any person other than the applicant. Chapter 384 of the Laws of 1879, forbids the planting of oysters in those bays without a license and makes it a misdemeanor for any one to plant oysters without a license.

The relator claims that because some three years ago he had a license of these grounds for one year that the board would have no right to license the ground to any one else. This cannot be sound, because in that case no person would ever take out but one license. The town would be remediless for he could plant oysters and use the grounds *ad infinitum.* The prohibition in the statute against granting a license for grounds already planted, means land legally planted. The town cannot be deprived of the right to license by a trespasser planting oysters. To hold otherwise would render the law nugatory. It fairly appeared before the board that the relator was a willful delinquent who had occupied the grounds for three years without paying the license fee and that he had no intention of taking out a license. It was not the case of a party planting by mistake or in good faith intending to apply for a license. The board was therefore justified in refusing a license to the relator. In no other way can effect be given to the statute except to hold that the board may license any ground for which no license has been granted or applied for unless it is already legally planted.

The order should be affirmed, with costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Order denying *mandamus* affirmed, with costs.