THE PEOPLE *ex rel.* GEORGE WREN, Appellant, *v.* ADOLPH GOETTING, Police Justice, etc., Respondent.

*Court of Appeals, April 19, 1892.*

1. *Mandamus. Office.*—The writ of mandamus should be refused to aid the admission of a claimant into an office already filled under color of law, where the question of the title to the office turns upon the construction of statutory provisions.

2. *Same.*—The appropriate and sufficient remedy is, *it seems,* by information in the nature of a *quo warranto.*

Appeal from judgment of the supreme court, general term, second department, affirming order denying motion for writ of *mandamus.*

*William J. Gaynor,* for appellant.

*Almet F. Jenks,* for respondent.

GRAY, J.—The relator was appointed, in 1881, clerk of the police court of the third judicial district in the city of Brooklyn. In 1889 he was removed by the respondent, the police justice assigned to that court, and one Degnan was appointed clerk in his stead. The relator then brought the present proceeding against the police justice to compel him, by writ of *mandamus,* to recognize the relator as the clerk of said court " and as the person entitled to hold said office and to permit him and him only to perform the duties of such clerkship and have the benefits and emoluments thereof." The court below denied the application for the writ, on the merits. The relator had claimed that, as an honorably discharged soldier of the late war of the rebellion, he could not be removed, except for good cause shown, after a hearing

had, and held his position for and during good behavior; relying upon the provisions of § 299 of title 22 of chap. 583 of the Laws of 1888. Justice Cullen, before whom the matter came, considered that these provisions did not apply to the case of one whose position was that of a chief clerk of any official, and that the relator's office amounted to that.

There is, however, this insuperable objection to the maintenance of this proceeding by the appellant, that *mandamus* is not the proper remedy in such a case. The office claimed is filled by another person, holding under color of right, and the question of the title to the office turns upon the construction of statutory provisions. It would be highly inappropriate to determine such a question in a *mandamus* proceeding. The appropriate remedy, and an adequate one, is by information in the nature of *quo warranto*, in which proceeding the incumbent of the office can be heard in his own behalf upon the disputed question. The rule must be regarded as well established by frequent decisions in the courts of this state that the writ of *mandamus* should be refused to aid the admission of a claimant into an office already filled under color of law, and when the title to it presents a disputable question. People *v.* Stevens, 5 Hill, 616; People *ex rel.* Dolan *v.* Lane, 55 N. Y., 217; Matter of Gardner, 68 Id. 467; Nichols *v.* McLean, 101 Id. 527. High, in his work on Extraordinary Remedies, § 49, considers such a rule to be "established by an overwelming current of authority." In Matter of Gardner, *supra*, it was said by MILLER, J., in the discussion of the question as to the proper remedy, in this state, for a party who claims title to an office where it was filled by another, that " it was settled at a very early period in its judicial history that where a person is already an officer by color of right, the court will not grant a *mandamus* to admit another person who claims to have been duly elected, and that the proper remedy is by an information in the nature of a *quo warranto.*"

In Nichols *v.* McLean, *supra*, ANDREWS, J., delivering the

opinion of the court, when discussing the question of remedy
by a proceeding *quo warranto*, or, as it is since the Code, by
a direct action in the nature of such, instituted by the attor-
ney-general, said: " The courts held that they would not,
at the instance of a person out of possession of an office, try
the title to the office by *mandamus*, or other proceeding, but
would leave him to his remedy by information; and it has
been said in several cases that the title could only be tried
in that proceeding. The learned judge cited, in support of
these views, the cases of People *v.* Stevens, 5 Hill, 616;
People *v.* Vail, 20 Wend. 12; People *v.* Ferris, 76 N. Y.
326, and People *v.* Lane, 55 Id. 217.

In the present case, the office claimed is one created by
the charter of the city of Brooklyn, Laws of 1888, chap. 583,
and is filled, as the act directs it to be done, by appointment
of the police justice. It is a statutory office, and the incum-
bent derives his authority to perform its functions and his
right to its emoluments from the provisions of the statute.
A decision upon the right of this claimant necessarily in-
volves the construction and effect which should be given to
the provisions of the Brooklyn charter and to the general
enactment upon the subject of the preference to and the
tenure of office in the cases of veterans of the late war. The
general enactment was made earlier in 1888, chap. 119, Laws
of 1888, than the passage of the Brooklyn charter, and con-
tained this excepting clause, namely: " This provision shall
not be construed to apply to the position of  *  *  *  chief
clerk  *  *  *  or to any other person holding a confidential
relation to the appointing officer." The appellant's conten-
tion is that the provisions of the Brooklyn charter, in the
particular respect discussed, being those of a later enact-
ment by the legislature of 1888, alone control, and were a
re-enactment of a special law of 1887, which the general act
had not repealed. His counsel argues, therefore, that the
relator was the legal clerk, and that the justice's removal
was a void act. He further contends, that if the general act

is applicable to Brooklyn, the relator does not come within its proviso excepting chief clerks, etc., from the operation of the law. These are questions admitting of more or less serious argument, and to them might be added a question as to the applicability of the provision in the Brooklyn charter to the particular office; upon the assumption that the proviso in the general law does not control that provision of the charter. A possible ambiguity may be claimed to arise from the reference in the Brooklyn charter provision to " persons holding positions," when considered in connection with an office created and filled by the terms of the statute.

In People *ex rel.* Dolan *v.* Lane, *supra*, the relator was assistant clerk of the district court in the city of New York. The justice, claiming to possess the requisite power to do so, removed him and appointed another to the office. Subsequently, the relator applied for a *mandamus* compelling the defendant to make and deliver a certificate for the payment of his salary for a certain month. The special term denied the application, but the general term reversed its order and directed the *mandamus*. On appeal to this court it was there considered that *mandamus* was not the proper remedy. RAPALLO, J., who spoke for the court, said that the exclusion of the relator from the office and the installation of another person therein was done under color of law, and that the legality of these acts " depends upon the construction of a statute framed in such ambiguous language as to render its interpretation difficult. * * * Under these circumstances, the title to the office should not be determined in a proceeding by *mandamus* * * * to which proceeding the person in possession and interested in maintaining his right thereto is not a party." Again, he said: " Indeed, it is doubtful whether the title to an office ought ever to be tried collaterally on proceedings by *mandamus* instituted in behalf of a party out of possession. People *v.* Stevens, 5 Hill, 616, 627."

In that case, the question was, in a respect, similar to the one here, inasmuch as it turned upon the power of the justice, under an act (Chap. 438, Laws of 1872) to appoint as he did, and its decision required a construction of the language of the law.

Here we are confronted with grave questions relating to the operation and effect of different statutes and the construction of the language of a law upon which judicial minds may fairly differ, and upon the determination of which depends the right of a party holding a statutory office *de facto* and under color of right, to remain in possession. My conviction is that the proceeding should not have been entertained, and that the court below should have left the claimant to his action in the nature of *quo warranto*, in which the incumbent of the office could be heard in defence of his rights.

For these reasons, the order appealed from should be affirmed, with costs.

All concur.