THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM GAFFIGAN, Respondent, *v.* LE ROY RICKERSON, as Comptroller of the City of Troy, Appellant.

*Mandamus — not the proper remedy where two appointees claim the same office — who may appoint janitors of school buildings in Troy.*

A janitor of a school building was appointed in February, 1900, by the board of school commissioners of the city of Troy under subdivision 5 of section 11 of chapter 80 of the Laws of 1892. The city engineer appointed another person to the same position on the theory that the act of 1892 had been repealed by section 132 of the charter applicable to cities of the second class (Laws of 1898, chap. 182), providing that the city engineer " shall act as the superintendent of public buildings. * * * He shall employ such subordinates to serve during his pleasure, and shall have such other assistance as the board of estimate and apportionment shall prescribe."

*Held*, that the title to the position would not be determined on an application for a peremptory writ of mandamus requiring the comptroller to countersign a draft for the salary of the appointee of the board of school commissioners, especially as the appointee of the city engineer had presented a similar draft for his signature.

*Semble*, that the authority of the board of school commissioners to make such an appointment conferred by the act of 1892 was transferred to the city engineer by section 132 of the charter.

APPEAL by the defendant, Le Roy Rickerson, as comptroller of the city of Troy, from an order of the Supreme Court, made at the

Ulster Special Term and entered in the office of the clerk of the county of Rensselaer on the 23d day of July, 1900, directing that a peremptory writ of mandamus issue requiring the said Le Roy Rickerson, as comptroller of the city of Troy, to countersign a draft payable to the order of the relator for his salary during the month of March, 1900, drawn upon the treasurer of the city of Troy by the board of school commissioners of the city of Troy, and signed by F. E. Howe, president, and William Hopkins, clerk.

*Thomas S. Fagan,* for the appellant.

*Edward Murphy,* 2d, for the respondent.

KELLOGG, J. :

The relator was appointed in February, 1900, by the board of school commissioners of the city of Troy to the place of janitor in school building No. 3 in that city. The city engineer, for the same term, appointed one Thomas Humes to fill the same position, and he presented to the defendant a salary draft for services for the same month in the same building. The defendant does not know which draft to pay or certify to be paid.

The board of school commissioners claim the right to make this appointment under subdivision 5, section 11, chapter 80 of the Laws of 1892, which, so far as an authorization, reads "the said board of school commissioners shall * * * have the custody and safe-keeping of the schoolhouses, outhouses, books and furniture." From this the school commissioners deduce an authority to appoint janitors. The city engineer claims that, by the provisions of section 132 of the charter applicable to cities of the second class (Chap. 182, Laws of 1898), this authority to the school commissioners — whatever it may be as incident to the authority for the safekeeping of the schoolhouses — was repealed, and in its place the authority is conferred upon him, the city engineer. The language is : "He shall act as the superintendent of public buildings. * * * He shall employ such subordinates to serve during his pleasure, and shall have such other assistance as the board of estimate and apportionment shall prescribe." The repealing clause of this act repeals all acts and parts of acts inconsistent therewith.

That the schoolhouses of the city of Troy are here placed in his "custody and safekeeping" seems to me very clear; that they

are by this act taken away from the "custody and safekeeping" of the school commissioners follows as a natural result. What authority, then, is left in the board of school commissioners to appoint janitors? It seems to me there is no language left conferring it; none conferring such power in words or inferentially. "The department of public instruction shall continue as provided by law" (§ 240), but shorn somewhat of its duties and powers as by the charter provided — touching purchase of supplies and custody of schoolhouses, etc.

Counsel for the relator urges upon the court a settlement of this question — in whom is the power to appoint janitors vested? If that question can be properly raised and can be disposed of on an application for a peremptory mandamus enough has been said, I think, to dispose of it.

This, I think, is not a proper case in any event for the issuance of a peremptory mandamus. The relator's rights, so far from being clear to the possession of the office, are put directly in question, and until determined in a proper manner by a trial the comptroller refuses and it is his duty to refuse to countersign the salary draft. The refusal is not capricious; it is based upon very good grounds — the relator is not janitor. There are other denials of fact which cannot be disposed of in an application for peremptory mandamus. There is a denial that the relator performed the service of janitor for the month of March. I do not think the payroll signed by the school board settles that question conclusively and puts it beyond inquiry on the part of the comptroller. In like manner Thomas Humes presents his draft certified by another board for this same salary; surely both of these are not conclusive upon the comptroller. If one is open to inquiry both must be. Both cannot be right for there is only a single salary to be paid and only one man really served as janitor though two men claim to have done so, each claiming the right to so serve. It hardly requires more than a bare statement of the case to show that mandamus is not the proper remedy. A trial must be had before these questions can be settled.

The writ should be quashed, but without costs, as the questions involved are new.

All concurred.

Order reversed and writ quashed, without costs.