In the Matter of the Application of CHARLES W. JANNICKY, Clerk of the Municipal Court, City of New York, Second District, Borough of Brooklyn, Appellant, to Compel JOHN HENIGIN, JR., Respondent, to Deliver to Him, as Such Clerk, the Books, Papers, Records and Accounts Appertaining to Such Office.

**New York (city of) — appointment of clerks of Municipal Court.**

Section 1373 of the charter of the city of New York, as amended by chapter 603 of the Laws of 1907, provides that clerks of the Municipal Court " in office on the 31st day of December, 1907, shall

continue to hold office for the remainder of the term for which they were appointed," and their successors "shall be appointed in each district by the justice, or justices, thereof for a term of six years from the date of appointment," within thirty days after the vacancy occurs. This enactment commands that the term of office, as well of those in office on December 31, 1907, as of those appointed in succession, shall be measured in duration from the date of the appointment. An appointment, therefore, made by the justices of the district within thirty days of the expiration of the term of one who legally held office on December 31, 1907, is valid.

*Matter of Jannicky*, 157 App. Div. 929, affirmed.

(Argued October 22, 1913; decided November 18, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1913, which affirmed an order of Special Term denying an application for an order directing John Henigin, Jr., to deliver to the petitioner, as clerk of the Municipal Court, city of New York, second district, borough of Brooklyn, the books, papers, records and accounts appertaining to such office.

The facts, so far as material, are stated in the opinion.

*William F. Hagarty* for appellant. The petitioner is the duly appointed and duly qualified clerk of the Municipal Court of the city of New York, second district, borough of Brooklyn. (L. 1907, ch. 603, § 1373; *Stuber* v. *Coler*, 164 N. Y. 22; *Koch* v. *Mayor, etc.*, 152 N. Y. 72; *People ex rel. Clark* v. *Breen*, 21 J. & S. 167; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43; *People ex rel. McCann* v. *Kilbourn*, 69 N. Y. 479; *People* v. *Dooley*, 171 N. Y. 74.)

*Robert J. Mahon* for respondent. The respondent's appointment is valid because it follows the special, local and latest statute. (*Clark* v. *Breen*, 21 J. & S. 167; *A. A. Provision Co.* v. *Davis Provision Co.*, 169 N. Y. 506; *Matter of Murray Hill Bank*, 153 N. Y. 199; Black on Interpretation of Laws [ed. of 1911], 341; Endlich's Interp. of Statutes, § 215.)

1913.] Opinion, per Gray, J. [209 N. Y.]

Gray, J. This appeal is from the affirmance by the Appellate Division of an order of the Special Term of the Supreme Court, which denied an application by the peti. tioner, Charles W. Jannicky, to compel John Henigin, Jr., then administering the office of clerk of the Municipal Court of the City of New York, in the Second District of the Borough of Brooklyn, to deliver up to him the books, papers, etc., of that office. The proceeding is under section 80 of the Public Officers Law and, by stipulation of the parties, the title to the office of the clerk mentioned is the only question presented for our determination. The incumbent of this office, Henigin, was appointed on November 18th, 1912, for a term of six years from that date. It is claimed by the appellant, Jannicky, that, by force of certain provisions of the Greater New York Charter and of chapter 603 of the Laws of 1907, amending section 1373 of the charter, a vacancy existed in the office of clerk since January 1st, 1912; which, because of its not having been filled by an appointment, made within thirty days, by the Municipal Court justices of the District, was legally filled by the Board of Justices in the Borough, containing the District, through the appointment of the appellant on January 17th, 1913.

Under the provisions of the Greater New York Charter, (Laws of 1897, chap. 378), " The Municipal Court of the City of New York" was created; the justices whereof were to be such Justices of the District Courts of the City of New York and such Justices of the Peace in the 1st, 2d and 3d Districts of the City of Brooklyn, as were in office on January 1st, 1898. They were to continue in office till the expiration of their terms and their successors were to be elected for terms of ten years. At the time of the consolidation and reorganization of these inferior courts, as effected by the act mentioned, Justice Van Wart held the office of Justice of the Peace, in the Second District in question, for a term expiring with the

year 1899 and, at the general election in November of that year, he was elected a justice of the new Municipal Court, in the District, and entered upon his office on January 1st, 1900. The clerks of the Justices Courts in Brooklyn were appointed by the justices and each held office at the pleasure of the justice appointing him. In the Second District, the clerk was William H. Allen and he continued to act as the clerk of the Municipal Court of that District after Justice VAN WART's election, until October 12th, 1900; when the justice, formally, appointed him to the office for a term of six years from the date of appointment. On November 7th, 1906, Franklin Van Wart was appointed clerk, in succession, for a further term of six years and on November 18th, 1912, this respondent, Henigin, received his appointment for a term of six years from that date. Under the provisions of the Greater New York Charter, which created the new courts, it was provided that "there shall be in and for each District a clerk of said (Municipal) Court and * ·* * an assistant clerk, who shall be appointed by the justice elected or appointed from said District, as hereinbefore provided, and shall hold office for the term of six years from the date of appointment." (Section 1373 of Charter.) This appellant, arguing that it was the intent of the statute to fix their terms of office and their duration, and that its provisions applied to the first appointments under the charter, contends that on the first day of January, 1900, there was a vacancy in the office of the clerk of the Municipal Court of the Borough of Brooklyn, in the Second District, which Justice VAN WART was authorized to fill, and could have filled, for a term of six years. When he failed to do so, Allen, who had been the clerk of the prior Justice's Court and who continued to act as a clerk of the Municipal Court, became a "holdover," within a designated, or statutory, term, which would expire six years from January 1st, 1900. Therefore, his appointment as Municipal Court clerk, in

October, 1900, was, only, good for the remainder of the current statutory term. The authority of the decision of this court in *Stuber* v. *Coler*, (164 N. Y. 22), is relied upon as supporting the appellant's contention with respect to the terms of office; which, it is argued, has not been affected by the passage of the act of 1907, amending section 1373 of the Charter. (Laws of 1907, Chap. 603). In *Stuber* v. *Coler*, a question arose as to the power of justices in office on January 1st, 1898, who were transferred by the statute to the Municipal Court to serve out their unexpired terms, to appoint clerks of the new court for the statutory terms. The justice, who was transferred in that case to the Municipal Court, for the Third District of Brooklyn, upon the resignation of his clerk within two days of the expiration of the justice's term of office, assumed to appoint him as clerk of the Municipal District Court for a full term of six years. The appointment was held to be void; inasmuch as such power of appointment could only be exercised by justices, who were elected, or appointed, as provided for in the Charter. In the discussion of the question by Judge O'BRIEN, he construed the statute as intending "to designate the term and fix its duration. It applied to the first appointments under the charter and those following the expiration of each regular term of six years; but had no reference to vacancies during the term." (p. 28.) This construction was not necessary to the decision of the particular question, perhaps, and applied, of course, to the statute, as it then stood; but, assuming its correctness, the situation became different upon the passage of the act of 1907 and what doubt may have existed upon the question, concerning the terms of the predecessors in office of this respondent, was set at rest. By chapter 603 of the Laws of 1907, section 1373 of the Charter was amended and it was thereby provided that "the clerks and assistant clerks of the Municipal Court of the City of New York in office on the 31st day of December, 1907, shall continue to hold office for the remainder

27

[209 N. Y.]          Opinion, per GRAY, J.          [Nov.

of the term for which they were appointed at their present salaries. * * * The successors * * * of the clerks in office on the 31st day of December, 1907, shall be appointed in each District by the Justice, or Justices, thereof for a term of six years from the date of appointment. * * * If the said Justices or a majority of said Justices fail to agree upon such appointment within thirty days after the vacancy occurs then the Justices in the Borough containing such District, or a majority of them, shall make such appointment." The purpose of this enactment is obvious from its language and it needs no forced interpretation to reach the conclusion that the legislative intent was to settle all questions about the legal tenure of office by incumbents of the offices mentioned. Whatever may have been the intent and the effect of the provisions of the original section, (1373), of the Charter, it was now provided that the "clerks * * * in office on the 31st day of December, 1907, shall continue to hold office for the remainder of the term *for which they were appointed*" and their successors "*shall be appointed * * * for a term of six years from the date of appointment.*" There was no purpose to subserve in such an enactment, unless it be to command that the term of office, as well of those in office on December 31st, 1907, as of those appointed in succession, shall be measured in duration from the date of the appointment. A legislative enactment must receive that construction, which will allow of effect to be given to its intent and that intent may be gathered from the language, read with a consideration of the conditions the Act was proposed to operate upon. When the reorganization of these inferior courts was effected by the Charter provisions, questions arose, and might arise, by reason of the changes made in the clerks' offices, with respect to the mode of filling them by appointment and to the duration of terms of office, which it was important, in the interest of the public, to settle, or obviate. Enactments looking to that end were proper

and the one we are considering was called for by a situation admitting of doubt and confusion. Franklin Van Wart, this respondent's predecessor in office, was appointed for a term of six years, in November, 1906, within thirty days of the expiration of a term of six years from October 12th, 1900, in which Allen had held office by appointment. Van Wart came within the operation of the Act of 1907, as being in office on December 31st, 1907, and he was to "continue to hold office for the remainder of the term for which he was appointed." He held the office under a legal designation of its term, validly, until November 7th, 1912, and on November 18th, 1912, the respondent, Henigin, within the provision of the Act, as his successor, was "appointed * * * for a term of six years from the date of appointment." The vacancy caused by the expiration of the term during which Van Wart had validly held office, under the express provision of the Act of 1907, was filled within thirty days by the Justices of the District, through the designation of this respondent, and, therefore, the legal title to the office was, and is, in him.

I advise the affirmance of the order appealed from, with costs.

· CULLEN, Ch. J., WERNER, COLLIN, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Order affirmed.