In the Matter of the Application of EDWARD R. DOMSCHKE, Respondent, for a Writ of Mandamus against MORRIS CUKOR and Others, Comprising the Civil Service Commission of the City of New York, and CHARLES L. CRAIG, as Comptroller of the City of New York, Appellants.

Second Department, January 14, 1921.

**Mandamus — peremptory writ will not issue directing certification of name of petitioner on payroll and payment of salary where salary has been paid to rival claimant.**

A peremptory writ of mandamus will not be issued commanding the civil service commission of the city of New York to certify the name of the petitioner on the payroll of the Municipal Court as assistant clerk, and directing the city comptroller to pay the salary, where it appears that a third person, a stranger to the proceeding, is a claimant also, and there is proof that said third person is the officer *de facto*, and it further appears that the comptroller has paid the salary to the rival claimant.

APPEAL by the defendants, Morris Cukor and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 13th day of July, 1920, granting petitioner's motion for a peremptory writ of mandamus, commanding said civil service commission to certify the name of the petitioner on the payroll of the Municipal Court of the City of New York, Seventh District, Borough of Brooklyn, for the month of March, 1920, and directing said comptroller to forthwith pay said salary to the petitioner as and for his salary as assistant clerk.

*William B. Carswell* [*John P. O'Brien, Corporation Counsel,* with him on the brief], for the appellants.

*Frederick A. Keck,* for the respondent.

JENKS, P. J.:

The basis of the application is relator's claim to an office. But it appears that Messenger, a stranger to this proceeding, is a claimant also, and there is proof that indicates that Messenger is the officer *de facto.* Mandamus is not the remedy to try this conflict of titles. (*People ex rel. Faile* v. *Ferris,* 16 Hun, 219; affd., 76 N. Y. 326; *People ex rel. Gaffigan* v. *Rickerson,* 56 App. Div. 588; *People ex rel. Woodill* v. *Tighe,* 145 id. 606; affd., 206 N. Y. 740.) Moreover, this mandamus runs against the comptroller to pay a salary which it appears has been paid to the relator's rival, Messenger. The comptroller cannot thus be required to make a double payment. (*Martin* v. *City of New York,* 176 N. Y. 371; *McVeany* v. *Mayor,* 80 id. 185.) *Matter of Jannicky* (209 N. Y. 413) was brought under section 80 of the Public Officers Law, and the parties, rival claimants, stipulated as to determination of the title, as the court expressly notes. (And see vol. 1338 of Records on Appeal, April, 1913, Law Library, County Court House of Kings.)

The order is reversed, without costs, and the motion is denied, without costs, and without prejudice to further action on the part of the relator for a determination on the merits.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Order reversed, without costs, and motion denied, without costs, and without prejudice to further action on the part of the relator for a determination on the merits.